# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA P. RAMOS,<br><br>         Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE, Officially as Commissioner of Social Security Administration,<br><br>         Defendant. | CASE NO. 08cv2129 -WQH-WVG<br><br>ORDER |

HAYES, Judge:

  The matter before the court is the review of the Report and Recommendation ("R&R") (Doc. # 17) issued by the United States Magistrate, recommending that Plaintiff's Motion for Motion for Summary Judgment (Doc. # 12) be granted and Defendant's Cross-Motion for Summary Judgment (Doc. # 15) be denied.

## BACKGROUND

  Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 22 and August 24, 2004, alleging she was disabled since July 7, 2003. (Administrative Record, Doc. # 7 ("AR"), 274-77). The Social Security Administration denied Plaintiff's applications initially and upon reconsideration. (AR 163-64).

  On December 27, 2004, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 19). On February 21 and 26, 2007, Plaintiff appeared with counsel

1  and testified before the ALJ. (Tr. 117-162). Also appearing and testifying were William
2  Temple, M.D., an impartial medical expert (AR 120-26); Sidney Bolter, M.D., a second
3  impartial medical expert (AR 126-29); Mark Remas, an impartial vocational expert (AR
4  130-31); and Connie Guillory, a second impartial vocational expert (AR 148-62).

5  On May 2, 2007, the ALJ denied Plaintiff's application for DIB and SSI in a written
6  decision. (AR 19-31).

7  On June 29, 2007, Plaintiff filed a request for review of the ALJ's decision. (AR
8  13-15). On September 12, 2008, the Appeals Council denied Plaintiff's request for review
9  rendering the decision of the ALJ final. (AR 4-6).

10  On November 14, 2008, Plaintiff commenced this action for judicial review pursuant
11  to 42 U.S.C. § 405(g). (Doc. # 1). On July 29, 2010, after the parties filed cross-motions
12  for summary judgment, the Magistrate Judge issued a Report and Recommendation
13  recommending that the Court grant Plaintiff's Motion for Summary Judgment and deny
14  Defendant's Motion for Summary Judgment. (Doc. # 17).

15  On August 19, 2010, Defendant filed objections to the Report and Recommendation.
16  (Doc. # 22). On September 7, 2010, Plaintiff filed a reply to Defendant's objections. (Doc.
17  # 19).

18  STANDARD OF REVIEW

19  The duties of the district court in connection with the Report and Recommendation
20  of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. §
21  636(b). The district judge must "make a de novo determination of those portions of the
22  report ... to which objection is made," and "may accept, reject, or modify, in whole or in
23  part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The
24  district court need not review de novo those portions of a Report and Recommendation to
25  which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir.
26  2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

27  The ALJ's decision denying benefits "will be disturbed only if that decision is not
28  supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161

F.3d 599, 601 (9th Cir. 1999) (citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (citation omitted).

## DISCUSSION

The R&R correctly concludes that it was error for the ALJ to find that Plaintiff could return to her past relevant work. (Doc. # 17). Defendant does not object to this recommendation but contends that the Commissioner's final decision should be affirmed and judgment should be entered for the Commissioner. (Doc. # 18 at 3). Defendant asserts, "[a]lthough the ALJ incorrectly stated that Plaintiff could return to her past relevant work, the vocational expert's testimony alternatively showed that Plaintiff could perform other work in significant numbers." *Id.* Defendant contends that the ALJ's error was harmless "[b]ecause the ALJ *could* have made [an] alternative finding that Plaintiff could perform a significant number of jobs . . . ." (Doc. # 18 at 1, 3 (emphasis added)).

Plaintiff asserts that the ALJ did not rely on the vocational expert's testimony regarding other work and did not find that Plaintiff could perform other work which existed in significant numbers as part of the decision. (Doc. # 19 at 1.) Plaintiff contends that Defendant's post hoc justification for denying Plaintiff benefits does not show that error by this ALJ was harmless because "[t]he Commissioner's decisions must stand or fall with the reasons set forth in the ALJ's decisions, as adopted by the Appeals Council." *Id.* at 1-2 (quoting *Barbato v. Comm'r Soc. Sec. Admin.*, 923 F. Supp 1273, 1278 n.2 (C.D. Cal. 1996)).

The Court cannot accept the ALJ's denial of benefits for grounds which are not determined in the ALJ's decision. *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("Although we can affirm the judgment of a district court on any ground supported by the record, we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." (citations omitted)); *see also Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 169 (1962) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). The record shows that the ALJ did not determine whether Plaintiff can engage in other types of substantial gainful work which exists in the national economy. The ALJ did

1  not pose a hypothetical to the vocational expert containing Plaintiff's complete residual
2  functional capacity regarding the availability of other work and the ALJ did not find that
3  Plaintiff could perform other work which existed in a significant number in the decision.
4  The record is not adequate to allow the Court to find that Plaintiff is not disabled based on
5  this alternative theory on non-disability.  The Court will adopt the Magistrate Judge's
6  recommendation of remand made in the R&R.

7  Defendant further objects to the Magistrate Judge's finding in a footnote that
8  Plaintiff was unable to perform other jobs identified by the vocational expert because the
9  Dictionary of Occupational Titles ("DOT") described the jobs as involving either frequent
10 or constant reaching and Plaintiff's residual functional capacity limited her to no overhead
11 reaching with her right arm.  (Doc. # 18 at 1; Doc. # 17 at 13-14 n.3).  Because the Court
12 has found that the ALJ did not rely on the vocational expert's testimony regarding other
13 jobs and did not determine that Plaintiff could perform other jobs as part of the decision,
14 the finding in footnote 3 is more properly determined on remand.  The court will not adopt
15 footnote 3 in the R&R.

## CONCLUSION

17 After reviewing de novo those portions of the Report and Recommendation to which
18 Defendant objected, and after generally reviewing the Report and Recommendation and the
19 ALJ's decision in light of the Administrative Record,  the Court finds that the Magistrate
20 Judge correctly evaluated the facts and applied the controlling law in this case.

21 Accordingly, IT IS HEREBY ORDERED that: (1) the Court ADOPTS all portions
22 of the Report and Recommendation (Doc. # 17) except for pages 13-14, footnote 3; (2)
23 Plaintiff's Motion for Summary Judgment (Doc. # 12) is GRANTED; and (3) Defendant's
24 Cross-Motion for Summary Judgment (Doc. # 15) is DENIED.  The Court REMANDS this
25 //
26 //
27 //
28 //

1 | case to the ALJ so that she can discharge her duties pursuant to SSR 00-4p.

2 |     IT IS SO ORDERED.

3 | DATED: September 14, 2010

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge